(Reap. Dec. 8154)

BERT FRIEDBERG & COMPANY ET AL. *v.* UNITED STATES

Entry No. 5203, etc.

(Decided July 25, 1952)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Charles J. Wagner*, Acting Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated as follows between counsel for plaintiffs and the Assistant Attorney General for the United States, concerning the merchandise referred to herein, subject to the approval of the court:

1) That the merchandise marked "A" on the invoices and initialed TLW by Customs Examiner T. L. Walton involved in the appeals listed in the attached schedule, consists of merchandise exported from France, and appraised at values which included the so-called production or unique tax (also known as the French Fiscal Reform Law tax) in the amounts as shown by the invoices and accompanying certificates of pending reappraisement.

2) That merchandise such or similar to that described in these invoices was not sold or freely offered for sale in France for home consumption upon the respective dates of exportation, and that the tax referred to above was not paid on merchandise sold for exportation to the United States or other countries.

3) That said merchandise is such or similar to merchandise which when sold or offered for sale in France for exportation to the United States in the ordinary course of trade to all purchasers, and in the usual wholesale quantities, was sold or offered at the appraised values herein, less the French Fiscal Reform Tax (Production or Unique Tax) as added on entry, packed.

4) That all claims of the plaintiffs, as raised by these appeals, except the claim that the tax described above should not be included in the value, are hereby abandoned, and that upon this stipulation these cases are submitted.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise represented on the invoices by the items marked "A" and initialed TLW by Customs Examiner T. L. Walton, and that such values were the appraised values, less the French fiscal reform tax (production or unique tax) as added on entry, packed.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.